IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE CHEROKEE NATION, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 11-CV-648-TCK-TLW** |
| | ) | |
| (1) RAYMOND NASH, | ) | |
| (2) LARRY WASSON, | ) | |
| (3) ROBERT ALLEN, | ) | |
| (4) KATHY WASHINGTON, | ) | |
| (5) LISA DUKE, | ) | |
| (6) KEN SALAZAR, SECRETARY | ) | |
| OF THE INTERIOR, AND | ) | |
| (7) THE UNITED STATES | ) | |
| DEPARTMENT OF THE INTERIOR, | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is Freedmen Defendants'[1] Motion to Stay (Doc. 96). Plaintiff The

Cherokee Nation ("Cherokee Nation") and Defendants Ken Salazar and the United States

Department of the Interior ("Federal Defendants") oppose the motion to stay.

On July 2, 2010, the Court transferred *The Cherokee Nation v. Nash*, *et. al.*, 09-CV-52-TCK

("Oklahoma action") to the United States District Court for the District of Columbia ("D.C. Court")

pursuant to the first to file rule. *See Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159 (N.D. Okla.

2010) (holding that similarity of parties and similarity of issues between 09-CV-52 and *Vann v.

Salazar, et al.*,03-1711-HHK ("D.C. action") warranted transfer of the Oklahoma action to the D.C.

Court). The Court reasoned that, under first to file principles, the D.C. Court should determine the

_____

[1] Freedmen Defendants consist of Raymond Nash, Larry Wasson, Robert Allen, Kathy
Washington, and Lisa Duke.

proper forum for the Oklahoma action.  The Court did so, in part, because such decision would be informed by that court's resolution of certain legal questions already pending before it.

On September 30, 2011, the D.C. Court resolved those legal questions.  Specifically, the court held that the Cherokee Nation did not waive its sovereign immunity in the D.C. action by subsequently filing the Oklahoma action.  *See Vann v. Salazar*, --- F. Supp. 2d ----, 2011 WL 49530303, at * 6-9 (D.D.C. 2011) (holding that principles of tribal sovereign immunity allowed the Cherokee Nation to bring the Oklahoma action while maintaining its immunity from suit in the D.C. action) ("The [Cherokee Nation] is free to litigate these questions in the federal action of its choosing, or not at all.").  The court also held that the Cherokee Nation, which had immunity in that case, was an indispensable party; therefore, it dismissed the D.C. action.  *See id.* at * 2-6.  Because the "first filed" case was no longer pending, the court transferred the Oklahoma action back to this Court.  (*See* Doc. 83.)  Upon transfer, the case was reassigned Case No. 11-CV-468-TCK-TLW.

The Court ordered status reports from the parties and learned that Freedmen Defendants intended to (1) appeal the dismissal of the D.C. action to the D.C. Circuit Court of Appeals; and (2) move for a stay of this proceeding pending such appeal.  (*See* Doc. 91.)  On December 21, 2011, Freedmen Defendants filed the motion to stay, arguing that the Court should stay this proceeding under the first to file rule for the same reasons it initially transferred the action.  The Cherokee Nation and Federal Defendants both oppose any stay, arguing that (1) the timing and outcome of the appeal are uncertain, and (2) this action has no jurisdictional hurdles and will proceed more efficiently than any potential reversal and remand of the D.C. action.

The Court declines to stay these proceedings pursuant to the first to file rule or general discretionary principles authorizing a stay.  In initially transferring this case, the Court desired to

avoid taking any action in this litigation until the D.C. Court decided certain essential questions –

namely, whether filing the Oklahoma action waived the Cherokee Nation's immunity in the D.C.

action and whether the D.C. action would be dismissed due to the absence of the Cherokee Nation.

The D.C. Court has decided such questions by declining to permit amendment and ultimately

dismissing the case.[2]  While there exists some possibility that the D.C. Circuit Court of Appeals will

reverse these rulings, this possibility is wholly speculative.  In addition, this Court will not be

entrenching upon the appellate court's decisions or duplicating its efforts.  The appellate court will

only be reaching jurisdictional issues, and this Court will be reaching the merits of the dispute.  In

short, the D.C. Court has now issued the rulings that this Court sought to avoid encroaching upon,

and the Court finds that the Freedmen Defendants have failed to present a sufficient justification for

any further stay of these proceedings.  Therefore, Freedmen Defendants' Motion to Stay (Doc. 96)

is DENIED.

       **SO ORDERED** this 1st day of February, 2012.

                                 **TERENCE C. KERN**
                                 **United States District Judge**

---

[2]  Had the D.C. Court reached contrary conclusions regarding the sovereign immunity waiver, the two cases would have been virtually identical.  The D.C. Court would have then been able to decide, rather than this Court, whether to consolidate the cases or transfer back the Oklahoma action.